Jon G. Shadinger Jr, Esq.
Shadinger Law, LLC
NJ Attorney ID #036232017
717 E. Elmer St.
Vineland, NJ 08360
Tel (609) 319-5399
Fax (314) 898-0458
js@shadingerlaw.com
*Attorney for Plaintiffs,*
*Ronald Moore and The Independence, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| RONALD MOORE, an Individual, and, THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation<br><br>Plaintiffs,<br><br>vs.<br><br>ANNE YURES PROPERTIES, INC., a New Jersey Corporation,<br><br>Defendant. | Case No. 3:21-cv-14547<br><br>**COMPLAINT** |

### Introduction

Plaintiff, RONALD MOORE, an Individual, and The Independence Project, Inc., a New Jersey Non-Profit Corporation, ("Plaintiff" or "Plaintiffs") on their behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the Defendant, ANNE YURES PROPERTIES, INC., a New Jersey Corporation ("Defendant") for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1

1

et seq. ("LAD").

## The Parties

1. Plaintiff, RONALD MOORE, is an individual over eighteen years of age and is otherwise sui juris. He resides in New Providence, New Jersey, within Union County.

2. Plaintiff, THE INDEPENDENCE PROJECT, INC., is a non-profit corporation with a mission of ensuring enjoyment and equal access for disabled persons in all places of public accommodation. This entity was formed under the laws of the State of New Jersey and remains in good standing.

3. Defendant, ANNE YURES PROPERTIES, INC., a New Jersey Corporation, holds title to the subject property; a place of public accommodation alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

## Jurisdiction and Venue

4. Defendant's property, also known as Andee Plaza, is a shopping center/plaza located at 130 RT 33 West, Manalapan Twp., New Jersey 07729, Monmouth County ("Subject Property").

5. Venue is properly located in the District of New Jersey, Trenton Vicinage because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.[1]

7. Jurisdiction over the state law claim vests with this Court pursuant to 28 U.S.C § 1367.

---

[1] See also 28 U.S.C. § 2201 and 28 U.S.C. § 2202

8. The Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA. The Defendant is thus required to comply with the obligations of the ADA[2].

9. Plaintiff, RONALD MOORE, is an individual with disabilities as defined by and pursuant to the ADA. Mr. Moore is a quadriplegic as the result of a severe spinal cord injury and therefore has a physical impairment that substantially limits many of his major life activities[3] including, but not limited to, not being able to walk, stand, reach, or lift. Mr. Moore, at all times, requires the use of a wheelchair to ambulate.

10. Plaintiff organization, THE INDEPENDENCE PROJECT, INC., is comprised of individuals with disabilities, as defined by the ADA. The primary purpose of this organization is to represent the interest of its members by ensuring that they are not discriminated against at places of public accommodation.

**Factual Context Related to Standing**

11. Mr. Moore is a staunch advocate of the ADA. Since becoming aware of his rights as a disabled individual he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of all public accommodations without fear of discrimination and repeated exposure to architectural barriers.

12. Mr. Moore encounters barriers at the vast majority of public places that he visits. Seemingly trivial architectural features such as parking spaces, curb cuts, and door handles are taken for granted by the non-disabled but, when implemented improperly, are cumbersome,

---

[2] 28 CFR § 36.201(a) and 28 CFR § 36.104
[3] as defined by 28 CFR § 36.105(b)(1-2)

arduous and even dangerous for him and other wheelchair users.

13.     The barriers to access that Mr. Moore experiences at differing places of public accommodation are extremely similar in nature. For example, he is faced with sloping in parking lots, improper curb ramps, and non-accessible restrooms - over and over again. For that reason, the actions filed on his behalf are often very alike; with similar barriers and seeking similar remediations. He is frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management.

14.     Mr. Moore has friends and family across the northeast region and he travels extensively around his home state of New Jersey. Specifically, but not exclusively, he visits the casinos of Atlantic City, Great Adventure theme park, shopping malls/outlets, and many of the State's beautiful beaches.

15.     Mr. Moore has visited Andee Plaza on multiple occasions, his last visit occurring on or about May 26, 2021. On this occasion Mr. Moore visited the Subject Property as a bone fide purchaser in an attempt to avail himself of the goods and services offered to the public within, but found that the Subject Property contained many violations of the ADA, both in policy and in architecture.

16.     Andee Plaza contains stores and restaurants that do not require any advance reservations but Mr. Moore fully intends to return to the stores and restaurants therein on his next (and subsequent) trip(s) to and through Manalapan.

17.     Mr. Moore will return to the Subject Property not only as a bone fide purchaser but also to monitor any progress made with respect to ADA compliance - he hopes his visits are not made in vain.

18.     Mr. Moore has visited Andee Plaza not only as a bone fide purchaser; availing himself of

the goods and services offered to the public within, but also to investigate the status of the violations that he has previously encountered.

19. Mr. Moore has personally encountered repeated exposure to architectural barriers and otherwise harmful conditions that have endangered his safety at Andee Plaza.

20. The ADA has been law for over thirty (30) years and the Subject Property remains non-compliant. Thus, the Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination by the Defendant.

21. Mr. Moore has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the barriers he has personally experience which are listed in paragraph 27 of this complaint.

22. Following any resolution of this matter Mr. Moore will ensure that the Subject Property undertakes the remedial work that is required under the appropriate standard and is compliant with the ADA. This reinspection will occur as set forth in the parties' settlement agreement or as ordered by this Court.

## COUNT I
### Violation of Title III of the
### Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

23. PLAINTIFFS reallege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

24. The Defendant has discriminated against the Plaintiffs, and others similarly situated, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by the ADA.

25. A preliminary inspection of the Subject Property has shown that violations of the ADA exist.

26. The following are architectural barriers and violations of the ADA that Mr. Moore has personally encountered during his visits to Andee Plaza:

**Parking and Exterior Accessible Route**

a. The designated accessible parking spaces throughout the Subject Property lack adequate access aisles and fail to provide compliant accessible routes from the parking area to the building; in violation of Sections 402 and 502 of the 2010 Standards for Accessible Design. Since the parking spaces are non-compliant, Mr. Moore has been forced to park away from the restaurant. Without any useable parking spaces available to him, the only way he could ensure access to his van was to park in a spot where he could be certain that no vehicle would block the adjacent parking spot and block access to his lift; if that were to happen he could not return to his van until that vehicle vacated its parking spot. Situations like those cause him frustration, anger, and distress.

b. Andee Plaza does not provide the required amount of compliant accessible parking spaces, in violation of Section 502 of the 2010 Standards for Accessible Design. Due to the lack of accessible parking Mr. Moore has been forced to parking away from the shopping center to ensure that he could access his van.

c. The curb ramps provided to access the stores at Andee Plaza do not comply with the ADA and each one is unsafe for use by Mr. Moore. The curb ramps that are provided contain excessive sloping, abrupt changes of level, and lack the required level landing areas; these conditions violate Sections 402 and 406 of the 2010 Standards for Accessible Design. Each of these curbs ramps is located along the exterior route and Mr. Moore was forced to

    navigate through excessive sloping, abrupt changes of level and a diminished turning radius at the top of the curb ramp - these are all tipping hazards and could cause damage to his wheelchair.

d. The exterior accessible route leading from the parking spaces at Andee Plaza fails to provide a safe accessible route to the curb ramps, a violation of Section 402 of the 2010 Standards for Accessible Design. When travelling from the parking lot to the building Mr. Moore was forced to travel through cross slopes which impeded his access to the ramps; so instead of being able to travel directly toward and up the ramps Mr. Moore is forced to travel around the obstacles into the traffic area of the center which puts him in danger of encountering oncoming cars.

e. Andee Plaza fails to provide a safe, compliant, and accessible route to the street or sidewalk; in violation of Section 206.2.1 of the 2010 Standards for Accessible Design. The current route contains an inaccessible ramp that lacks the required handrails. Due to this barrier Mr. Moore could not access the Subject Property from those areas; limiting his options for access.

**Access to Goods and Services**

f. When attempting to enter tenant spaces at Andee Plaza, Mr. Moore has been impeded by slopes beyond the allowable limits and abrupt changes of level at the base of the door, in violation of Section 404 of the 2010 Standards for Accessible Design. Due to the sloping Mr. Moore cannot enter the tenant spaces without assistance and the abrupt changes of level can cause damage to his wheelchair.

g. Payment counters throughout Andee Plaza, including those within Romeo's Pizza, Tommy's Bagels, and Columbian Cafe are mounted beyond the reach of Mr. Moore, and

equal facilitation is not provided through policy. This barrier is a violation of Section 308 and 904 of the 2010 Standards for Accessible Design.

h. Romeo's Pizza, Tommy's Bagels, and Columbian Cafe fail to provide accessible dining tables; in violation of Section 902 of the 2010 Standards for Accessible Design, thus Mr. Moore has not been able to dine at these locations in comfortable manner.

**Restrooms**

i. The restrooms provided within tenant spaces Romeo's Pizza, Tommy's Bagels, Columbian Cafe, and the salons/barbershops are not ADA compliant and are unsafe for use by Mr. Moore. The barriers to access personally experienced by Mr. Moore at the aforementioned restrooms include inaccessible water closets which lack proper controls, and a lack of wheelchair maneuvering clearance; in violation of Section 601 of the 2010 Standards for Accessible Design.

j. The restrooms located within the aforementioned tenant spaces at Andee Plaza provide soap and paper towel dispensers which are mounted beyond Mr. Moore's reach, a violation of Section 308 of the 2010 Standards for Accessible Design. While using these restrooms Mr. Moore could not access the dispensers due to their improper location.

k. The lavatories located within the restrooms at the aforementioned tenant spaces lack the proper knee clearance required, in violation of Section 606 of the 2010 Standards for Accessible Design. Mr. Moore could not wash his hands in the restroom because he could neither approach nor reach the sink.

l. The restrooms within the aforementioned tenant spaces contain improper centerlines for the water closets and flush controls which are mounted on the wall side; a violation of Section 604 of the 2010 Standards for Accessible Design. Mr. Moore could not access the

      flush controls due to their improper location; thus Mr. Moore has been unable to make full use of these restrooms without assistance.

  m. Mr. Moore's use of the restroom doors has been impeded by a lack of the required wheelchair maneuvering clearance, round door knobs, and improper signage; violations of Section 404 of the 2010 Standards for Accessible Design. Mr. Moore cannot enter/exit the restroom without assistance. Levered door handles are required and would mean a great deal of difference to Mr. Moore.

27.   Each of the foregoing violations is also a violation of the ADA Standards for Accessible Design, originally published on July 26, 1991 and republished as Appendix D to 28 CFR part 36 ("1991 Standards"); the "2004 ADAAG", which refers to ADA Chapter 1, ADA Chapter 2, and Chapters 3 through 10 of the Americans with Disabilities Act and the Architectural Barriers Act Accessibility Guidelines, which were issued by the Access Board on July 23, 2004 and codified at 36 CFR § 1191, appendix B and D; and the 2010 Standards for Accessible Design ("2010 Standards"), as promulgated by the U.S. Department of Justice.[4]

28.   The discriminatory violations described in paragraph 26 may not be an exhaustive list of the ADA violations that exist at Andee Plaza but they are the result of a preliminary inspection conducted by the Plaintiff and include all those personally experienced by Mr. Moore. Plaintiff requires thorough inspection of the Defendant's place of public accommodation in order to photograph and measure the architectural barriers which exist at Andee Plaza and violate the ADA.

29.   Mr. Moore, and all others similarly situated, will continue to suffer discrimination, injury

---

[4] 28 CFR § 36.104

and damage without the immediate relief provided by the ADA and requested herein.

30.     Defendant has discriminated against Mr. Moore, and all those similarly situated, by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of the ADA.

31.     Defendant continues to discriminate against Mr. Moore, and all those similarly situated, by failing to remove architectural barriers, and communication barriers that are structural in nature.[5]

32.     Defendant continues to discriminate against Mr. Moore, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.[6]

33.     Defendant continues to discriminate against Mr. Moore, and all those similarly situated, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.[7]

34.     If the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993[8] then the Defendant's facility must be readily accessible to and useable by individuals with disabilities in accordance with the 1991 Standards.

35.     Pursuant to 28 CFR § 36.304(a)(1) "any alteration" made to Andee Plaza after January 26,

---

[5] 42 U.S.C. § 12181(b)(2)(A)(iv)
[6] 42 U.S.C. § 12181(b)(2)(A)(ii)
[7] 42 U.S.C. § 12181(b)(2)(A)(iii)
[8] as defined by 28 CFR § 36.401(a)(2)

1992 must have been made so as to ensure that, to the maximum extent feasible, the altered portions of the Subject Property area readily accessible to and usable by individuals with disabilities, including individuals, like Mr. Moore, who use wheelchairs. An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.[9]

36. Pursuant to 28 CFR § 36.304(a) Defendant shall remove all existing architectural barriers, including communication barriers that are structural in nature, where such removal is readily achievable.

37. 28 CFR § 36.304(d)(2)(i) controls with respect to the corresponding technical and scoping specification to which each element at Andee Plaza must comply with or be modified to meet. Those are defined as follows:

   a. Elements that have not been altered since on or after March 15, 2012 must comply with the 1991 Standards.

   b. Elements that have existed prior to and have not been altered since on or after March 15, 2012 that do not comply with the 1991 Standards must be modified (to the extent readily achievable) to comply with either the 1991 Standards or the 2010 Standards.

   c. Elements that have been altered on or after March 15, 2012 that do not comply with the 1991 Standards must be modified (to the extent readily achievable) to comply with the 2010 Standards.

38. Plaintiffs are not required to notify the Defendant of its violation of the ADA nor the ongoing discrimination prior to the filing of this action. To that end, Mr. Moore has found that

---

[9] 28 CFR § 36.402(a)(2)

voicing his concerns to employees and management, making phone calls, and writing letters is futile. In his experience the only way to spur action and achieve the accessibility required under the law is to file matters, like this one, and pray for the relief contained herein.

39. Mr. Moore is without adequate remedy at law and is suffering irreparable harm, including bodily injury consisting of emotional distress, mental anguish, suffering, and humiliation. Considering the balance of hardships between the Plaintiffs and the Defendant, a remedy in equity is warranted.  The public interest would not be disserved by the issuance of a permanent injunction.

40. Pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, Plaintiff is entitled to recovery of attorney's fees, costs, and litigation expenses from the Defendant.

41. Pursuant to 42 U.S.C. § 12188(a)(2), this Court is provided with authority to grant Mr. Moore injunctive relief, including an order to require the Defendant to alter Andee Plaza and make the Subject Property readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the Subject Property until such time as the Defendant cure their violations of the ADA.[10]

**WHEREFORE,** Plaintiffs respectfully demand:

a. The Court issue a Declaratory Judgment determining that the Defendant is in violation of Title III of the ADA.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when

---

[10] 42 U.S.C. § 12188(b)(2)

      such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and is allowable under Title III of the Americans with Disabilities Act.

**COUNT II**

**Violation of New Jersey Law**
**Against Discrimination, N.J.S.A. 10:5-1 et seq.**

42. PLAINTIFFS reallege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

43. Defendant's facility is a place of public accommodation as defined by N.J.S.A 10:5-5, (LAD).

44. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right.[11]

45. As set forth above, Defendant has violated the LAD by denying Mr. Moore, and all other disabled individuals, the full and equal enjoyment of the goods, facilities, services and accommodations available at Andee Plaza.

---

[11] Pursuant to N.J.S.A 10:5-4

46. As a result of the aforementioned discrimination through repeated exposure to architectural barriers and other harmful conditions, Mr. Moore has sustained bodily injury in the form of emotional distress, mental anguish, suffering and humiliation, in violation of the LAD.

**WHEREFORE**, Plaintiffs respectfully demand:

a. That this Court assume jurisdiction.

b. An injunction ordering the Defendant to comply with the ADA and the LAD.

c. An award of monetary damages to Mr. Moore.

d. Reasonable attorney's fees, litigation expenses, and costs; including expert fees and costs.

e. An Order requiring the Defendant to maintain the required accessible features at the Subject Property.

f. Other relief that this Court deems just and proper; and is allowed under the LAD.


Respectfully submitted,


Date: August 3, 2021
　　　　　　　　　　　　　　　　　　*/s/ Jon G. Shadinger Jr.*
　　　　　　　　　　　　　　　　　　Jon G. Shadinger Jr., Esq.
　　　　　　　　　　　　　　　　　　Shadinger Law, LLC
　　　　　　　　　　　　　　　　　　NJ Attorney ID No. 036232017
　　　　　　　　　　　　　　　　　　717 E. Elmer St.
　　　　　　　　　　　　　　　　　　Vineland, NJ 08360
　　　　　　　　　　　　　　　　　　Tel (609) 319-5399
　　　　　　　　　　　　　　　　　　Fax (314) 898-0458
　　　　　　　　　　　　　　　　　　js@shadingerlaw.com
　　　　　　　　　　　　　　　　　　*Attorney for Plaintiffs,*
　　　　　　　　　　　　　　　　　　*Ronald Moore and The Independence, Inc.*